PURYEAR *v.* CITY OF JONESBORO.

Opinion delivered January 12, 1914.

1. IMPROVEMENT DISTRICTS—DIRECTORS—DUTY TO FILE STATEMENT.—Act 333, page 789, Acts of 1905, authorizing the real estate owners of an improvement district to be organized in the city of Jonesboro, and to elect directors, for the purpose of purchasing and controlling the water and light plant and for the construction of sewers, held not to amend the general law save in the matter of the election of the directors and the placing of the control of the water and light plant in their hands, and the directors will be compelled by mandamus to file with the city clerk a settlement pursuant to the terms of section 5740, Kirby's Digest.   (Page 564.)

2. IMPROVEMENT DISTRICTS—WATER AND LIGHT PLANT—SUPERVISION OF BY CITY COUNCIL.—Kirby's Digest, § 5741, gives a city council power to audit or readjust the accounts of a local improvement district, but the council can not disturb the account to the extent of supervising the expenditures of the district, and where by special act the Legislature has given the directors of an improvement district the management of a light and water plant, under Kirby's Digest, § 5741, the city council has no power to supervise the operation and management of the plant.   (Page 566.)

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney,* Judge; affirmed.

*Hawthorne & Hawthorne,* for appellants.

*Appellee, pro se.*

McCULLOCH, C. J.   The General Assembly of 1905 enacted a special statute (quoting from the title) ''to authorize the real estate owners of an improvement district to be organized in the city of Jonesboro; to elect

directors for the purpose of purchasing and controlling the water and light plant, and for the construction of sewers for said city." Acts of 1905, page 789, Act No. 333.

The first section of the act reads as follows:

"That whenever the mayor and city council shall organize the city of Jonesboro, or any part thereof, into an improvement district, the real estate owners in said city, in proportion to the amount of taxes paid by them respectively, are hereby authorized and empowered to elect nine directors, who shall be residents and real estate owners in said city, and shall have complete and full control of the operation and management of the water and light plant, and of the construction of the sewers, or a sewer system within said city, and over lands adjacent thereto. That upon the election of said directors they shall assemble, and by an agreement to be reached among themselves, divide themselves into three classes, three of whom shall hold office for one year, three for two years and three for three years, and that their respective successors shall each hold his office for a period of three years."

Section 2 authorizes the city council of Jonesboro to prescribe a day for the election of directors, and other sections prescribe the qualifications of voters, the method of conducting the election and certifying the returns and contesting the result thereof.

Section 7 of the act provides that "this act is not intended to repeal any law regulating the creation of improvement districts."

During the year 1906 there were created in the city of Jonesboro, under the general statutes of the State, three improvement districts, one for the purpose of purchasing and operating the water plant, one for the purpose of purchasing and operating the electric light plant, and the third for the purpose of constructing sewers in the city.

Pursuant to the terms of the special statute referred

to above, directors were elected, and their successors have been elected from time to time.

The city council instituted this action in the circuit court of Craighead County, Jonesboro District, praying for a writ of peremptory mandamus to compel the directors to file with the city clerk a settlement pursuant to the terms of section 5740 of Kirby's Digest, which reads as follows:

"Annually during the month of September all boards of improvement created under section 5667, shall file with the clerk of the city or town in which such improvements shall have been ordered, a settlement showing all collections and moneys received and paid out, with proper vouchers for all such payments, which settlement shall lie over for one month for examination and adjustment, during which time any taxpayer of such district may file exceptions to such settlement."

The circuit court rendered judgment awarding peremptory writ of mandamus, and the directors have appealed from that judgment.

The contention of learned counsel for appellant is that directors elected under the special statute are not amenable to the requirements of the general statute quoted above, providing for the filing of an annual settlement by boards of commissioners of improvement districts.

The manifest purpose of the special statute was to authorize the election of directors by the people, instead of appointment of a board of commissioners by the city council, as under the general statute, and to place the control and management of the water and light plants in the hands of such board of directors. There was no intention on the part of the lawmakers to amend the general statutes in any other respect. In fact, there is an express provision of the special statute to the effect that it was not intended to repeal any law regulating the creation of districts. The purpose of section 5740 was to require a settlement with the city council so as to give publicity to the accounts and affairs of the district, thus

affording all taxpayers an opportunity to scrutinize the receipts and expenditures. No further control over the accounts is conferred upon the city council, and there is no reason appearing why the Legislature should have changed that requirement with respect to the special board of directors provided for in the new statute. Nothing is. repealed by the special statute except the provisions of the general law which are repugnant thereto. It is true that section 5740, in terms, applies only to boards of improvement created under section 5667, but the board of directors provided for in the special statute is merely a substitute for the board of commissioners appointed by the city council under the general statutes, and we think that that provision of the statute requiring settlements to be made is also applicable to that board. Whether the city council has any further power over their actions, or has the right to take over control of the waterworks or electric light plant, as provided in section 5675 of Kirby's Digest, we need not decide, as the question is not presented.

Our conclusion is that the circuit court was correct in awarding the mandamus, and the judgment is affirmed.

### ON MOTION TO MODIFY.

McCULLOCH, C. J. We are asked to extend the opinion heretofore filed in this case so as to construe section 5741 of Kirby's Digest and define the powers of the city council over the settlement accounts of the board of directors of the improvement district. That section reads as follows:

"Whether any such exceptions are filed or not, the council shall proceed to examine such settlements, and shall disallow any and all unjust charges and credits, if any there be, and shall readjust such settlement wherever an improper item may be included in it, which adjustment shall be finally subject to re-examination in a court of chancery for error or mistake upon suit brought by such board or by any taxpayer of such district."

We readily agree that an interpretation of that section of the statute is appropriate in this case; in fact,

it is necessary to determine the real issues in this case, that is to say, whether the two sections requiring the directors or commissioners to file an account with the city council and giving the city council the authority to "readjust such settlement" are inconsistent with the later statute construed in the former opinion. If they are inconsistent with the special statute relating to this improvement district, then the provisions of the latter must prevail. If, in other words, the power of the city council over the settlement accounts of the board of directors in readjusting such accounts is construed to extend far enough to amount to a supervision or control of the action of the board in its management of the waterworks and electric lights, then it is in conflict with the later statute which gives the board of directors "complete and full control of the operation and management of the water and light plants."

Our interpretation of section 5741 is that it only gives the city council the power to audit or readjust the accounts, and not to disturb the account to the extent of supervising or controlling expenditures. The city council has no power to supervise the operation and management of the water and light plants, for that is by the latest statute given into the hands of the board of directors. It may audit the accounts for the purpose of determining whether the board of directors has given a proper account of receipts and expenditures and may exclude or disallow any improper charges and credits. That means any improper or incorrect charges or credits to which the board is not entitled. The council has no power to reject any item in the account unless it is found that the item does not correctly reflect the transaction of the board in the management and control of the water and light plants. That control is full and complete, according to the terms of the statute, and as long as the items in the settlement accounts correctly reflect those transactions, the city council has no power to disallow or reject them. Of course, the city council has the power to examine the settlement account and the vouchers

which accompany the same for the purpose of determining whether they correctly reflect the transactions had in the operation of the plants; but there the power ends. In other words, our opinion is that this section merely constitutes the city council an auditing committee to adjust the accounts, without any supervisory powers over the management of the water and light plants.

It is true the section concludes with a declaration that the adjustment by the city council shall be final but subject to re-examination in a court of chancery for error or mistake. This language, however, is consistent with the former language which is construed to give power merely over the accounts, and not over the transactions of the board of directors in the management and operation of the plants. This construction is conformable to our former opinion in the case, which makes it only a publicity statute and nothing more.

We still refrain from expressing any opinion upon the question not raised whether the special statute applying to the city of Jonesboro repeals that section which gives the city council the right to take over the waterworks, namely, section 5675, Kirby's Digest. When that is done under the statute, the other sections now under consideration (5740 and 5741) cease to apply, and as the taking over of the plant has not been attempted by the city council of Jonesboro, the question of its power to do so does not arise.